IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60721
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY PETTIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:97-CR-2-2/PG
- - - - - - - - - -

November 12, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ray Pettis appeals his conviction for three counts of use of
interstate commerce for purpose of fraud or deceit in violation
of 15 U.S.C. § 77q.  He raises three issues on appeal:
(1) whether the district court erred in denying his motion to
dismiss the indictment or to suppress evidence based on his
testifying before the grand jury after being told by the
prosecutor that he was not a target of the investigation;

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

(2) whether the district court abused its discretion in admitting

the videotaped statements of an alleged co-conspirator; and (3) whether the evidence was sufficient to support his conviction. Pettis also raised the issue of an inconsistent jury verdict in his statement of the issues but he abandoned this issue by failing to brief it. See FED. R. APP. P. 28(a)(9); Yohey v. Collins, 985 F.2d 222, 224 (5th Cir. 1993).

Pettis testified at trial that he did not tell the grand jury about the financial transactions guaranteed by promissory notes and that he did not tell the grand jury about the three people whose transactions were involved in the three counts for which he was convicted. Therefore, the district court did not err in denying the motion to dismiss or to suppress.

The videotaped statement of Scott Burris, a co-conspirator, did not mention Pettis and did not implicate him in any wrongdoing. Pettis has not shown how admission of this evidence affected his substantial rights, therefore, this argument is without merit. See FED. R. CRIM. P. 52(a).

Finally, Pettis' challenge to the sufficiency of the evidence also fails. Viewing the evidence and all reasonable inferences to be drawn from it in the light most favorable to the jury's verdict, as we must, the evidence was sufficient to support Pettis' convictions. See United States v. Dahlstrom, 180 F.3d 677, 684 (5th Cir. 1999).

AFFIRMED.